THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:13CR047-MAC-DDB |
| | § | |
| JOSEPH DEBB GOLDEN, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 1, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Andrew Williams.

On November 14, 2013, Defendant was sentenced by the Honorable United States District Judge Marcia Crone to twenty-one (21) months of imprisonment followed by a three (3) year term of supervised release for a violation of Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm. On September 26, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release.

On May 22, 2015, the U.S. Probation Officer executed a Petition for Offender Under Supervision [Dkt. 33 Sealed]. On July 29, 2015, the U.S. Probation Officer executed a First Amended Petition for Offender Under Supervision [Dkt. 36 Sealed]. The Amended Petition asserted that Defendant violated the following six (6) conditions of his release: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not

REPORT AND RECOMMENDATION – Page 1

unlawfully possess a controlled substance; (3) Defendant shall refrain excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician; (4) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (5) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the Defendant is released from the program by the probation officer.

The Amended Petition alleges that Defendant committed the following acts: (Allegation 1) (i) On or about May 14, 2015, Mr. Golden was arrested by the Denton, Texas Police Department for the 3rd degree Felony offense of Tampering With Physical Evidence. He was released on this same date on a $1,000 surety bond. According to the Affidavit for Arrest Warrant prepared by the Denton, Texas Police Department, Mr. Golden was pulled over during a routine traffic stop, attempted to remove an object from his mouth and throw it into the backseat. After the officer removed Mr. Golden from the vehicle, he began convulsing and dry heaving. Medical attention was required because the offender attempted to ingest K2 (synthetic marijuana) in order to destroy the evidence. Mr. Golden advised police officers he prefers smoking marijuana, but has been smoking K2 because it is not detected during random urine specimens. K2 is defined as an illegal smoking product by City Ordinance Chapter 14, Article IV, Sec 14-92. Said article states that it shall be unlawful for any person to use, possess, purchase, barter, give, publicly display, sell or offer for sale any illegal smoking product.

Furthermore, possession of K2 is a Class B misdemeanor according to the Texas Health & Safety Code §481.1161. (Allegation 1) (ii) Also, on June 16, 2015, Mr. Golden committed the state jail felony offense of Possession of a Controlled Substance. On June 29, 2015, he was sentenced to 120 days imprisonment under Docket No. F-1555389-H in the Dallas County, Texas, Criminal District Court #1. According to the offense report, Dallas Police Officers approached the vehicle he was sitting in and observed a piece of plastic containing methamphetamine in plan view. Two syringes and a digital scale were also found in the vehicle. Mr. Golden also had a digital scale in his pocket; (Allegation 2) Mr. Golden possessed K2 (synthetic marijuana), a controlled substance, as evidenced by the arrest on May 14, 2015; (Allegation 3) Mr. Golden possessed methamphetamine and drug paraphernalia, as evidenced by the arrest on June 16, 2015; (Allegation 4) Mr. Golden has failed to obtain a stable employment since the inception of supervision on September 26, 2014. He is currently unemployed; (Allegation 5) Mr. Golden had contact with several Bureau of Prisons inmates through phone and email communication; and (Allegation 7)[1] *[sic]* Mr. Golden failed to report for drug testing with McCary Counseling Services, Denton, Texas, as directed on January 17 and 29, and April 1, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to (Allegation 1)(ii) relating to the Defendant's June 16th arrest for possession of a controlled substance (paragraph 4 of the Amended Petition), specifically that Defendant failed to refrain from not committing another federal, state, or local crime. The Government withdrew the remaining allegations: Allegation 1(i) and Allegations two (2) through six (7)*[sic]*. Having considered the Amended Petition and the plea of true to Allegation one (1) (ii) relating to the

---

[1] The Amended Petition contains six allegations; however the final allegation is misnumbered as Allegation 7.

REPORT AND RECOMMENDATION – Page 3

June 16th offense, the Court finds that Defendant did violate his conditions of supervised release by failing to refrain from not committing another federal, state, or local crime.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months with no supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth FCI if available.

**SIGNED this 2nd day of September, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE